Lloyd W. Davidson, State's Atty., of Austin, for the State.

KRUEGER, Judge.

Felony theft is the offense. The punishment assessed is confinement in the penitentiary for two years.

Appellant pleaded guilty and waived a trial by a jury. In such cases the statute, Art. 12, C.C.P., as amended by Acts 1931, 42nd Leg., p. 65, chap. 43, § 3, Vernon's Ann.C.C.P. art. 12, requires that: "It shall be necessary for the State to introduce evidence into the record showing the guilt of the defendant and said evidence shall be accepted by the Court as the basis for its verdict, and in no event shall a person charged be convicted upon his plea of guilty without sufficient evidence to support the same." See Howell v. State, Tex.Cr. App., 146 S.W.2d 747.

The sufficiency of the evidence to show appellant's guilt is challenged. A chest of mechanic's tools was stolen from the automobile of Jim Mills while it was unattended. Their value exceeded fifty dollars. The tools were subsequently found in the possession of a junk dealer by the name of Woods, who was not used as a witness. Appellant's connection with the tools is shown alone by the testimony of the witness Baker, who testified that about the time of the theft he saw the appellant and another party in possession of a set of tools which appellant told him had been taken from Mills' car. He saw appellant hide them in some bushes in the woods. About a week later appellant took the tools and sold them to Mr. Woods, a junk dealer, for three dollars and gave Baker half of it and "we spent that money". The witness denied any participation in the taking of the property or being present when same was taken. The question at issue is whether the witness was an accomplice as a matter of law. If so, the testimony is insufficient because of the absence of corroboration.

 In the case of Walker v. State, Tex.Cr.App., 37 S.W. 423, it was held that one who, knowing that a cow had been stolen, accepted some of the meat after the cow had been butchered by one of the thieves was an accomplice. This holding has been followed in the cases of Johnson v. State, 58 Tex.Cr.R. 244, 125 S.W. 16; Newton v. State, 95 Tex.Cr.R. 261, 253 S. W. 284, and Garza v. State, 125 Tex.Cr.R. 447, 69 S.W.2d 110. Such holding is applicable and controlling here.

Because of the insufficiency of the evidence to support the conviction, the case is reversed and the cause remanded.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

SULLIVAN v. STATE.

No. 21555.

Court of Criminal Appeals of Texas.

April 30, 1941.

4

87 **387**

Crane & Glarner, of Raymondville, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

HAWKINS, Presiding Judge.

Conviction is for violating the game laws; punishment assessed being a fine of fifty dollars.

Prosecution was under Article 902, P.C. 1925, which, insofar as applicable here, reads as follows: "It shall be unlawful for any person at any time of the year to hunt deer or any other animal or bird protected by this chapter, by the aid of what is commonly known as a headlight or hunting-lamp, or by artificial light attached to an automobile, or by the means of any form of artificial light."

Omitting the formal parts, the complaint and information charge that appellant: "did then and there unlawfully hunt deer, or other animals protected by the Statutes of the State of Texas, by the aid of an artificial light attached to an automobile, on and upon U. S. Highway No. 281, and the lands adjacent thereto, which is in a community where deer are known to range."

When the case was called for trial, appellant moved to quash the State's pleadings upon the ground that they were indefinite and failed to inform him with sufficient certainty of the charge he was called upon to defend against; hence he could not prepare his defense. The motion to quash was overruled and the question as to the pleadings is before us.

Article 396, sub. 7, C.C.P.1925, in setting out the requisites of an indictment, directs that "the offense must be set forth in plain and intelligible words."

Article 405, C.C.P.1925, regarding the certainty required, provides: "An indictment shall be deemed sufficient which charges the commission of the offense in ordinary and concise language in such a manner as to enable a person of common understanding to know what is meant, and with that degree of certainty that will give the defendant notice of the particular offense with which he is charged, and enable the court, on conviction, to pronounce the proper judgment."

Articles 414 and 416, C.C.P.1925, require the same certainty regarding informations as is necessary relative to indictments.

The principles controlling in determining the certainty in the State's pleadings will be found discussed in many cases cited in Branch's Ann.Tex.P.C., pp. 255 and 256, and in 23 Tex.Jur., pp. 625 and 626. See also Lagrone v. State, 12 Tex.App. 426.

No extended discussion is called for. A simple reference to the complaint and information will disclose that from their face it was impossible for the accused to know for what offense he was going to be tried, whether hunting deer or some other animals protected by the game laws.

The judgment is reversed and the prosecution ordered dismissed.